The document below is hereby signed.

Signed: January 14, 2015



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
DIRISU OJO MOMOH,              )    Case No. 14-00291
                               )    (Chapter 7)
            Debtor.            )
_____)
                               )
VICTOR OSAYANDE,               )
                               )
            Plaintiff,         )
                               )
       v.                      )    Adversary Proceeding No.
                               )    14-10034
DIRISU OJO MOMOH,              )
                               )    Not for publication in
            Defendant.         )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER REGARDING MOTION TO DISMISS

This addresses the defendant's *Motion to Dismiss Complaint Objecting to Discharge and to Dischargeability of Debt and/or in the Alternative, Motion for Summary Judgment* (Dkt. No. 7). The plaintiff's handwritten complaint begins by alleging that "the debtor committed various acts of improprieties in Section

727(a)(6)." Compl. p. 1.[1] That provision deals with a debtor who has refused in the case to obey certain lawful orders or, in certain instances, failed to respond to an inquiry or to testify. The defendant correctly observes that none of the allegations of the complaint deal with such a refusal, and seeks dismissal of the complaint on that basis.[2] It is appropriate to dismiss the claim for denial of discharge under 11 U.S.C. § 727(a)(6). However, as discussed below, the complaint sets forth other grounds for denying the debtor a discharge and for determining that the debt owed to the plaintiff is nondischargeable. Accordingly, the defendant's motion must be denied to the extent that he seeks a dismissal of the entire complaint.

I

FAILURE TO SCHEDULE ASSETS

Without my opining whether the allegations meet the standards for pleading a claim, the complaint contains the

---

[1] In referring to pages of the complaint, I will be utilizing the page numbering appearing in the header supplied by the court's case management system. Sometimes this does not match the handwritten number the plaintiff put on the page. For example, a reference to page 7 of the complaint is a reference to the page numbered "Page 7 of 46" in the header, even though the page includes a handwritten page number of "6."

[2] There is an allegation that the debtor "collect [sic] several financial benefits from United State[s] government that he **refused** to disclose in his bankruptcy petition of May 12, 2014." Compl. p. 5 (emphasis added). That allegation addresses a failure to include certain income on papers that the debtor filed. Such a failure is **not a refusal** to provide information, but instead **the act of providing false information.**

following allegations that appear to be an attempt to state a claim for relief under 11 U.S.C. § 727(a)(4) for a fraudulent false oath based on the debtor having signed papers under penalty of perjury in which he did not disclose all of his assets:

- "This debtor concealed some of his assets, properties, bank accounts in United States and in Nigeria with intent to hinder, delay and defraud me and the bankruptcy court." Compl. p. 1.

- "[O]n page 8 of 43 in his petition [Schedule A - Real Property] he claimed none, meaning he has no property or estate. . . . He has estate and landed properties in Nigeria." Compl. p. 7.

- "[H]e has insurance dealers auction license in Fredericksburg, Virginia and he use [sic] this license to buy and sell cars from different insurance auctions in Maryland, District of Columbia, Virginia and in other states." Compl. p. 7.

- "[H]e claimed he is a business man who own [sic] Dirisu Momoh auto sales company in District of Columbia. . . . Him and his wife own a merchandising market, auto sales company, and other businesses in Nigeria." Compl. p. 7.

- "[I]n #23 of page 11 of 43 [the part of Schedule B - Personal Property eliciting a listing of all licenses], he did not disclose his insurance auction license[.] [I]n #25 [the part of Schedule B eliciting a listing of all automobiles], he also did not disclose his automobiles. He has various cars." Compl. p. 8.

- "[At] #35 of page 11 of 43 [the part of Schedule B eliciting the debtor to itemize '[o]ther personal property of any kind not already listed'], he claimed he has none of these properties and assets which is fraudulent . . . because he willfully lied . . . ." Compl. p. 8.

- "On page 12 of 43 in his petition [the page of Schedule B eliciting the debtor to list cash and bank accounts], he claimed he has only $20.00 cash on hand and that he has $12.00 in his checking account with Wells Fargo

3

> bank and that he has $8.00 in his savings account with Wells Fargo bank.  This is fraudulent because he has other accounts with other banks."  Compl. pp. 8-9.

- "[T]he record from the [District of Columbia] department of motor vehicle clearly state [sic] that he own [sic] a Van-truck.  The year of the truck is 1992, the make is Dodge, the vehicle inspection number is 1B4GH5.4R7NX314334."  Compl. p. 42.

- "I enclose Maryland Motor Vehicle administration record showing various vehicles this debtor registered and own [sic]."  Compl. p. 44.

A related false oath pled is that the debtor did not include on Schedule J car insurance and transportation expenses relating to his automobiles.  Compl. pp. 12-13.

II

UNDERSTATEMENT OF INCOME

Second, without my opining whether the allegations meet the standards for pleading a claim, the complaint contains the following allegations that appear to be an attempt to state a claim for relief under 11 U.S.C. § 727(a)(4) for a fraudulent false oath based on the debtor having signed papers under penalty of perjury in which he understated his income:

- "On page 7 of 43 [Statistical Summary of Certain Liabilities and Related Data, part of Official Form 6] in his petition, he claimed his average income is $741.80 which is not true.  His average income exceed [sic] $2,000 because he collect [sic] more than $1,000 from his Social Security income (benefits) and he is also collect[ing] more than $1,000 on his Social Security disability (benefits) and he collect [sic]

> food stamp[s] also from the government." Compl. p. 6.[3]

- "On page 26 of 43 [Statement of Financial Affairs] in his petition, #2, on income other than from employment or operation of business, he claimed he received $3,705.00 and 2014 Social Security and $6,708.00 in the year 2013 Social Security.  This is not true because he did not disclose all his financial earnings in these years because he received Social Security income of more than $1,000.00 a month in Social Security disability of more than $1,000.00 a month and his business of auto sales in United States and in Nigeria and his various investments and real estate including merchandising market he manage [sic] with his wife and their landed properties make more money for him that he disclosed."  Compl. p. 14.

- "Uber ride company hired this debtor to drive for their transportation company as an independent cab driver.  This is his other source of income[.]  Uber is a national transportation company with a branch in Washington, DC.  He pick up and drop off [sic] clients with Uber."  Compl. p. 31.

However, the complaint does not allege that these false statements were made "knowingly and fraudulently" (as required for § 727(a)(4) to apply).

III

MISCELLANEOUS FALSE OATHS

There are other miscellaneous allegations regarding false oaths, including that:

- the debtor failed to disclose on his Schedule I that he is married (Compl. p. 6);

- the debtor listed the debt owed to the plaintiff as $13,000 whereas the actual amount owed was $30,000

---

[3] A related allegation is that the debtor falsely indicated that he pays for food (when, instead, he collects food stamps).  Schedule J included a food expense.  Compl. p. 18.

5

      (Compl. p. 3);

- the debtor failed to disclose on Schedule I that he has teenage children who are dependents (Compl. p. 12); and

- the debtor failed to disclose his businesses in response to question 18 of the Statement of Financial Affairs (Compl. pp. 15-16).[4]

IV

CLAIM THAT THE DEBT OWED THE PLAINTIFF IS NONDISCHARGEABLE

The plaintiff appears to be attempting to state a claim for a determination that the debt owed him is nondischargeable under 11 U.S.C. § 523(a)(2). He alleges:

- "[The debtor] defrauded and scammed me to invest my money in his auto sales company with his claim that he is legally operating his auto sales business at the address in the investment agreement contracts we both signed before a notary public on two different occasion[s] in April and July of 2011. It turns out that this debtor has no legitimate dealer's license, business license and commercial premises permit and sales lot permit from either the District of Columbia government or District of Columbia department of consumer and regulatory affairs." Compl. pp. 1-2.

- "He also authorize [sic] me to speak to his wife to confirm his business ventures in Nigeria and to assure me that he has reliable business. I personally agreed and I spoke to his wife who

---

    [4] In response to question 3 of the Statement of Financial Affairs, regarding payments to creditors, the debtor answered both paragraph (a) intended for "Individual or joint debtor(s) with primarily consumer debts" and paragraph (b) intended for "Debtor whose debts are not primarily consumer debts." The plaintiff characterizes the debtor as having lied in response to Question 3 because the debt owed him is a business debt (Compl. p. 15). Plainly there is no fraud because the debtor could not be both a debtor with primarily consumer debts and a debtor whose debts are not primarily consumer debts.

6

> confirmed their businesses to me that they operate
> automobile business hence I gave him my money."
> Compl. p. 26.

If such allegations amount to allegations of statements of the debtor's financial condition, the claim may flunk § 523(a)(2) because these were oral statements. *See, e.g.*, *In re Bogdanovich*, 292 F.3d 104 (2d Cir. 2002) (collecting cases about the scope of the term "financial condition").

V

Even though the complaint attempts to allege claims under 11 U.S.C. § 523(a)(2) and § 727(a)(4), it is chock full of irrelevant and redundant allegations, as well as allegations that obviously would not entitle the plaintiff to any relief under either § 523(a) or § 727(a).  Under Federal Rule of Civil Procedure 8 (made applicable by Federal Rule of Bankruptcy Procedure 7008), the plaintiff's complaint must contain a "**short and plain** statement of the claim showing that the pleader is entitled to relief," and pleading must be "**simple, concise, and direct**" (emphasis added).  Numbered paragraphs are strongly preferred to facilitate both the defendant's response and the court's analysis.  The complaint fails to meet Rule 8's requirements; however, instead of dismissing the complaint, the court will permit the plaintiff to file an amended complaint, complying with Rule 8, if he wishes to pursue this adversary proceeding.

7

VI

Pursuant to the foregoing, it is

ORDERED that the defendant's *Motion to Dismiss Complaint Objecting to Discharge and to Dischargeability of Debt and/or in the Alternative, Motion for Summary Judgment* (Dkt. No. 7) is GRANTED IN PART and the claim for denial of discharge under 11 U.S.C. § 727(a)(6) is DISMISSED.  It is further

ORDERED that the defendant's *Motion to Dismiss Complaint Objecting to Discharge and to Dischargeability of Debt and/or in the Alternative, Motion for Summary Judgment* (Dkt. No. 7) is DENIED to the extent not granted.  It is further

ORDERED that the plaintiff, if he wishes to pursue this adversary proceeding, must file an amended complaint compliant with Rule 8, including using numbered paragraphs, by **February 3, 2015**.  It is further

ORDERED that the scheduling conference on January 13, 2015, is continued to **March 31, 2015, at 10:30 a.m.**, at which time the court may hear argument on a motion to dismiss the amended complaint, if any, unless the court continues the hearing.

[Signed and dated above.]

Copies to: All counsel of record.