The document below is hereby signed.

Signed: April 8, 2016



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DIRISU OJO MOMOH, | ) | Case No. 14-00291 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| VICTOR OSAYANDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-10034 |
| DIRISU OJO MOMOH, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S *MOTION
FOR RECONSIDERATION OF MEMORANDUM DECISION AND JUDGMENT ORDER*

On February 2, 2016, the defendant, Momoh, moved for

reconsideration of the court's ruling that the claim of the

plaintiff, Osayande, against him is nondischargeable.

I

A motion to alter or amend a judgment under Federal Rule

59(e) (made applicable to this proceeding by Bankruptcy Rule

9023) is discretionary and need not be granted unless the trial court finds that there is an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). A Rule 59(e) motion may not be used to raise arguments or present evidence that could have been raised prior to the entry of judgment. *GSS Grp. Ltd v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012). Nor is such a motion to be used as a vehicle to raise the same arguments that a party originally made or to present evidence that was previously available. *Messina v. Krakower*, 439 F.3d 755, 759 (D.C. Cir. 2006).

## II

Momoh contends that he made payments and that those payments confirm that he intended to make payments. In this regard, he points to "Exhibit L, which is the letter from Western Union which confirms the September 2011 payment, and Exhibit R, which is the Incident-Based Event Report and which confirms the June 2011 payment." Mtn. at 4. The *Motion*'s reliance on these exhibits in seeking reconsideration, exhibits Momoh relied upon at the trial, is an improper attempt to rehash the arguments that were made at trial. In any event, Momoh has not persuaded me, based on his reliance on those exhibits, that I should change my belief regarding the truthfulness of Osayande's testimony that he

2

never received any payment.

As to Exhibit L, I credited Osayande's testimony that he never received the payments that the exhibit, a letter from Western Union, indicated had been made. Momoh argues:

> In its Opinion, the Court questioned the validity of the letter from Western Union and suggested that a more detailed examination of Western Union's records would help confirm whether Momoh made the September 2011 payment to the Plaintiff. The Court's suggestion that a more detailed examination of Western Union's records be conducted can be met, and **the records will be supplied to the Court upon receipt**. Undersigned counsel has contacted Western Union, and it appears that Western Union has other records that can provide additional support regarding the fact of the payment. **New, material evidence** appears to be available and **should be received within the next 14 days**.

*Id.* (footnote omitted; emphasis added). Despite the passage of more than 60 days since Momoh's counsel filed the *Motion*, no additional records have been supplied to the court to support the fact of payment to Osayande via Western Union in September 2011.[1]

In his reply to Osayande's opposition to the *Motion*, Momoh

---

[1]  It is doubtful that Exhibit L should have been received into evidence. It was an unsigned letter, purportedly from the Western Union Correspondence Desk, showing two payments made in Salt Lake City, Utah. The letter was of dubious authenticity. Proof of its authenticity depended on Momoh's testimony, which I have found in many instances to be not credible. Moreover, it is a document that could have been a PDF document altered using text-editing tools in Adobe Acrobat software. Finally, it included a spelling of the payee as "VICTOR OSAYANGE" instead of "VICTOR OSAYANDE." The letter additionally was hearsay, and I did not address whether any exception to the hearsay rule applied. Nevertheless, I let it into evidence. However, I was convinced that it was outweighed by Osayande's credible testimony that he had never been in Salt Lake City and had never received any such payments.

3

points to Western Union information noting that to obtain a Wells Fargo wire payment in cash, the payee must present a government-issued ID to the Wells Fargo agent. However, that does not help Momoh when Exhibit L (if it reflects a transaction that actually occurred) shows that the payee was VICTOR OSAYANGE, not VICTOR OSAYANDE. The lack of any substantiation of the accuracy of Exhibit L, and of any evidence demonstrating that Exhibit L relates to a payment to Victor Osayande, convinces me even more firmly that Exhibit L does not reflect any payments by Momoh to Osayande.

As to Exhibit R, I credited Osayande's testimony that he never received any payments and that he told the police that Momoh had told him (Osayande) that he had sent Osayande money but that Momoh had not sent him any money. I viewed Osayande as credible and felt that his testimony outweighed a police report that appeared to be based on an erroneous understanding by the

police regarding what Osayande told them.[2]

A Rule 59(e) motion is not an appropriate vehicle for revisiting factual determinations based on credibility assessments. Momoh's reliance on Exhibits L and R is principally an attempt to revisit credibility determinations and does not warrant reconsideration.

II

Momoh also contends that "additional evidence in the form of an affidavit . . . establishes that the second vehicle that Momoh purchased for sale in Nigeria to enable him to pay the debt to Plaintiff was destroyed by a fire." The affidavit is dated November 11, 2011, and Momoh does not contend that it was unavailable for him to use at the trial, and it thus ought not form the basis for a Rule 59(e) motion.

Moreover, the affidavit is inadmissible hearsay.

---

[2] As I noted in my prior *Memorandum Decision* entered on January 15, 2016:

> Momoh's testimony itself adds credence to the fact that the first alleged payment was not made. Momoh says he made the first payment that came due in cash and asked for a receipt but Osayande refused. That is not credible. Momoh had the power to insist on a receipt by refusing payment without receipt or could have utilized a cashier's check to assure that he had a paper trail showing payment. Accordingly, I now find that the first payment was not made to Osayande. Nor do I credit Momoh's testimony that he made a second payment in cash, asking for a receipt with Momoh [sic: I meant Osayande] refusing to give a receipt for the same reasons.

*Mem. Dec.* at 12.

In any event, it does not prove that Momoh had bought the car as his own, with him being entitled to anticipated profits on the resale of the car in Nigeria.  It states that Momoh sent a car to Nigeria "through ADELAKAY INTERNATIONAL LIMITED . . . to BUNMI MOMOH," a "Sales Representative of ADELAKAY INTERNATIONAL LIMITED."  That statement fails to establish that Momoh was able to buy cars, using Adelakay International Limited's license, that he could treat as his own with which to make a profit of his own. Even if "BUNMI MOMOH" is a relative of Momoh's, there is no indication that she was not acting on behalf of Adelakay International Limited in receiving the car.  Momoh testified that he purchased the car to sell in Nigeria, but he offered no credible proof (for example, e-mails between him and Adelakay International Limited) to show that it was his own funds that were used to purchase the car, with Adelakay International Limited agreeing that the purchase could be made using its license but with the real ownership interest being in Momoh. Moreover, it does not address, much less prove, that Momoh intended to pay any profit to Osayande.

III

The *Motion* attempts to point to other evidence as suggesting that Osayande is not a credible witness, but I do not view that evidence as demonstrating that Osayande is not a credible witness, and the arguments in that regard are the same as those made at trial.  In his reply, Momoh raises an argument he did not

6

raise in the *Motion* itself, and a reply ought not be used to raise a new argument.  In any event, the argument is not convincing.

Momoh points to the failure of the parties' second contract to mention the overdue payments of $1,625 every two months on the first contract.  In my oral decision issued on the day of trial, and later withdrawn, I thought that that weighed in favor of finding that Momoh had made the payment that had come due. However, where the second agreement (quoted at pages 4-5 of the *Memorandum Decision* entered on January 20, 2016) mentions the earlier loan, it is only to provide a specific date on which Osayande could insist on repayment of the principal amount of that loan (as in the case of second agreement's providing a specific date on which Osayande could insist on repayment of the principal amount of the second loan): it does not mention whether the previously due payments were timely made or not.  Osayande was not sophisticated in financial matters, as is obvious from the two loan contract documents, and no meaningful weight can be placed on his failure to note in the second contract that a payment of "profit" had already come due on the first loan yet had not been paid.

IV

It is time to bring this adversary proceeding to a close.  I remain firmly convinced that the debts at issue were for moneys obtained by fraud and are thus nondischargeable.  Momoh misled

Osayande by falsely representing that he had an ability to buy cars in his own right and to resell them in Nigeria, with the profits from resale belonging to Momoh.  He also misrepresented his intent to repay the loans Osayande was making to him.  The misrepresentations were justifiably relied upon by Osayande in making the loans to Momoh, and the debts based on those loans are nondischargeable.

V

In light of the foregoing, it is

ORDERED that the Defendant's *Motion For Reconsideration of Memorandum Decision and Judgment Order* is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.